UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BETTY ANN FILLMORE,

                             Plaintiff,

                                                                               <u>DECISION AND ORDER</u>

                                                                                16-CV-6500L

                             v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                             Defendant.
_____

This action is brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security. Plaintiff, Betty Ann Fillmore, appeals from a decision that denied her application for a period of disability and disability insurance benefits. Plaintiff seeks an order vacating the final decision of the Commissioner and remanding for further administrative proceedings. The Commissioner cross moves for judgment on the pleadings, urges the Court to find that the Commissioner's determination is supported by substantial evidence, and requests that the Complaint be dismissed.

After plaintiff's application for benefits was denied, she requested a hearing before an administrative law judge. That hearing was held before Administrative Law Judge ("ALJ") Michael W. Devlin. The ALJ issued a thorough eight-page decision (R. at 26-34) on January 27, 2015.[1] The ALJ determined that plaintiff had an onset date of July 12, 2012, but that she was not

---
[1] "R" signifies the administrative record, filed as Dkt. #9.

disabled as defined by the Social Security Act. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review.

The ALJ followed the five-step sequential evaluation process established by the Social Security Administration for determining disability claims. 20 C.F.R. § 404.1520(a). Pursuant to that evaluation, the ALJ made several findings which are not disputed on this appeal. The ALJ determined that plaintiff met the insured status requirements and that she had not engaged in substantial gainful activity since July 12, 2012, the alleged onset date of her disability. In addition, the ALJ found that the plaintiff had several severe impairments, including cervical fusions, left elbow osteoarthritis, post right knee arthroscopy, and right knee degenerative joint disease. The ALJ further found that plaintiff's combination of impairments did not meet or medically equal the severity of any of the listed impairments in 20 C.F.R. Part 401, Subpart P, Appendix 1.

The ALJ determined, for reasons set forth in the decision, that plaintiff could not perform her past relevant work (which is not disputed), but that she had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) with certain lifting and other restrictions which are set forth in detail at Paragraph 5 of the ALJ's Findings of Fact and Conclusions of Law. (R.29).

The ALJ's decision discusses the medical reports of record at length, including reports from a treating orthopedic physician M. Gordon Whitbeck, x-ray reports, reports of another treating physician Daniel Alexander, and reports of a consultative examination by Kalyani Ganesh. The ALJ also noted testimony of the plaintiff concerning her daily activities, as well her course of medical treatment, and medication regimen.

After reviewing the opinion of the ALJ, the record on appeal, and the papers submitted by the parties, I conclude that the ALJ's decision denying benefits is supported by substantial

2

evidence and should be affirmed. I believe the ALJ followed the proper five-step sequential evaluation and that the evidence upon which he relied is substantial, and supports his conclusion that the plaintiff does not meet the test for disability under the Social Security Act.

Plaintiff raises three issues on appeal. First, plaintiff claims that the ALJ erred in not crediting Dr. Whitbeck's June 23, 2012 report (R.303-04), in which Dr. Whitbeck stated: "For now, I consider her to have a marked temporary disability and lifting over 15 pounds and arms before shoulder level." *Id.* Plaintiff asserts that that report is the "most recent" functional limitation put forth by Dr. Whitbeck, and should have been given controlling weight. I disagree. As pointed out by the Commissioner, the June 23, 2012 report was not the most recent assessment by Dr. Whitbeck, but a temporary finding which anticipated plaintiff would undergo additional treatment. Following that report, Dr. Whitbeck made notes and reports in May, June, September, and December of 2013. In none of those reports does Dr. Whitbeck repeat his note concerning the "temporary disability" and limitations described in the June 23, 2012 report. In fact, in May 2013, as the Commissioner notes, Dr. Whitbeck stated that although plaintiff had a temporary marked partial disability, she was capable of working in a light (as opposed to merely sedentary) capacity. (R.319). As such, it does not appear that the restriction imposed by Dr. Whitbeck in June 2012 remained thereafter, since Dr. Whitbeck never repeated or reimposed it over the subsequent months of plaintiff's treatment. The ALJ's conclusion, then, that Dr. Whitbeck believed that plaintiff was capable of some level of exertional work after a temporary period of convalescence with a lifting restriction, was proper.

The ALJ noted in his decision the minimal nature of the restrictions and limitations that plaintiff's impairments had on her daily life activities, and recognized that plaintiff's pain was managed conservatively, with a combination of prescription and over-the-counter medications.

3

Therefore, I conclude that the ALJ did not err in failing to incorporate the 15-pound lifting restriction mentioned fleetingly by Dr. Whitbeck into his RFC finding, since it was not a final opinion of the treating physician, but a temporary restriction. Based on all of the reports and treatment records submitted before the ALJ, his decision is supported by substantial evidence and the failure to discuss the temporary restriction does not affect that conclusion.

Plaintiff also contends that to the extent that the ALJ's hypothetical to the vocational expert did not incorporate a 15-pound lifting restriction, the hypothetical was incomplete, and the ALJ erred in relying on the vocational expert's testimony. Because I find that the ALJ's omission of a 15-pound lifting restriction from his RFC finding was not improper, its omission from the hypothetical is moot.

Plaintiff also argues that the ALJ erred in finding that plaintiff was "not entirely credible." The ALJ determined that although plaintiff's impairments could be expected to cause some of her alleged symptoms, plaintiff's testimony concerning the intensity, persistence and limiting effects of those symptoms was not entirely credible. In finding plaintiff's testimony to be exaggerated, the ALJ weighed the appropriate factors, including medical evidence which describes plaintiff as having good range of motion, reports that plaintiff was doing "fairly well," and reports by both Dr. Whitbeck and plaintiff herself that plaintiff was able to engage in a variety of household activities, including performing chores, taking care of pets, shopping and gardening. The ALJ noted that some of these activities were consistent with what might be required to obtain and maintain employment.

In light of this evidence, the ALJ did not wholly reject plaintiff's statements, but found that there are matters in evidence suggesting that plaintiff was not in the amount of distress she claimed.

I believe substantial evidence supports the ALJ's determination that the plaintiff's statements about the intensity, persistence and limiting effects of her symptoms were not fully credible.

**CONCLUSION**

Plaintiff's motion for judgment on the pleadings and remand is denied; the Commissioner's cross-motion for judgment on the pleadings is granted. The Commissioner's final decision that plaintiff was not disabled is in all respects affirmed, and the Complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       December 13, 2017.